| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

| | | |
|---|---|---|
| The Lubrizol Corporation, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-07-3301 |
| The Gray Insurance Company, | § § § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1.  *Introduction.*

A plant hired a contractor to repair a storage tank. Their contract indemnifies it from the contractor's negligence. It also required the contractor to buy insurance with the plant as an additional insured. Two of the contractor's employees were injured on the job and sued the plant. The indemnity and insurance requirements are distinct, and the contractor's insurance covers the plant regardless of fault.

2.  *Background.*

Lubrizol Corporation is a chemical company. It hired Pat Tank, Inc., to repair one of its storage tanks. Two Tank employees were injured on the job and sued Lubrizol.

Section six of the contract – titled "Indemnity" – requires Tank to indemnify Lubrizol for all damages arising out of the work arising from Tank's negligence.

Section seven – titled "Insurance" – requires Tank to maintain insurance of at least one million dollars for these coverages:

> "(a)   Worker's Compensation (statutory)
> (b)   Employer's Liability
> (c)   Comprehensive General Liability including Products & Completed Operations
> (d)   Automobile Liability
> (e)   Include Lubrizol as additional insured on (c) and (d) above."

Tank bought the insurance from Gray Insurance Company. Lubrizol says that line (e) requires Tank to include it as an additional insured on general liability and automobile coverages. Gray argues that a later paragraph in the section limits its scope. After having been reorganized, that paragraph says:

> Tank shall designate Lubrizol as an additional insured on its Comprehensive General Liability Insurance to the extent necessary to provide coverage under the liabilities assumed by Tank under the indemnity provisions of this agreement. (Access Agreement, Section 7, paragraph 3.)

3.  *Analysis.*

Gray says that it makes no sense create a general insurance requirement with line (e), and then separately describe what would be a lesser included coverage obligation. It may be right. This contract is generally a model of bureaucratic opacity. For instance, a paragraph in the Indemnity section is eight lines of 10-point type pretending to be a single sentence. Bad form, however, is not necessarily ambiguity, and clumsy repetitiveness is not an escape clause.

The contract requires a contractor to buy insurance of at least one million dollars and name Lubrizol as an additional insured for general and automobile liability. It also requires a contractor to indemnify Lubrizol for the contractor's negligence – up to two million dollars – and to name Lubrizol as an additional insured for extra insurance purchased.

Gray wants to read the contract to require that Lubrizol be an additional insured only to the extent of Tank's indemnity. That would simply erase line (c).

Line (e) requires Tank to name Lubrizol as an additional insured not only for (c) general liability but also for (d) automobile liability. In the long, dreary form, no hint appears of a limit on automotive liability. Gray's argument reads the single short line (e) to oblige Tank to name Lubrizol as an insured for automotive liability without restriction, but imports a different paragraph to limit the obligation to name it as an insured for general liability. Line (e) is not internally inconsistent.

4.  *Conclusion.*

The contract requires unambiguously that Pat Tank, Inc., maintain insurance with Lubrizol Corporation named as an insured for comprehensive general liability. The coverage is not limited to the indemnity obligation. Pat Tank named Lubrizol as an additional insured

under its policy with Gray.  Gray Insurance Company, therefore, is responsible for Lubrizol Corporation's legal expenses in *Ashworth v. Lubrizol* in the Eastern District of Texas under its policy with Pat Tank.  It must reimburse Lubrizol for expenses already incurred in *Ashworth*, plus interest.

Parties will bear their own costs for this action because Gray made a reasonable argument on a difficult instrument.

Signed on April 8, 2008, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge